UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:22-CR-00027/WINSOR/FITZPATRICK

UNITED STATES OF AMERICA

v.

ANDREW DEMETRIC GILLUM and
SHARON JANET LETTMAN-HICKS,

    Defendants.
_____/

**ANDREW GILLUM'S MOTION TO DISMISS INDICTMENT
DUE TO THE GOVERNMENT'S PRE-INDICTMENT DELAY**

    Andrew Gillum moves to dismiss the Indictment based on the Government's pre-indictment delay in bringing these charges. There was an almost five-year delay between the alleged false statements to FBI agents on June 14, 2017 and the filing of the Indictment on June 7, 2022. The Government sat on this unfounded false statement charge for nearly five years and delayed at least two-and-a-half years as to the remaining counts.

This delay was unnecessary and was attributable solely to the Government. As a result, Andrew Gillum has suffered substantial prejudice, in violation of the Due Process Clause of the Fifth Amendment.

## I.   Background

On June 7, 2022, the Government filed an Indictment against Andrew Gillum and Sharon Lettman-Hicks. ECF No. 1.

### *a. Count 1 – False Statement*

The Government alleges that in April 2015, the FBI began a public corruption investigation in Tallahassee. ECF No. 1, p. 2. Undercover agents, including UCE 1, pretended to be developers "interested in purchasing and developing property in Tallahassee through a company known as Southern Pines Development LLC." *Id*. UCE 1 was then introduced to public officials in Tallahassee so that he could try and convince them to enter into a pay-to-play scheme (i.e., accepting money in exchange for them taking government actions to assist in development projects). *Id*.

UCE 1 infiltrated those close to Gillum for about a year. In May 2016, Gillum met with UCE 1 during Gillum's trip to New York. *Id*. at ¶ 10. The Indictment alleges that UCE 1 attempted to bait Gillum into

entering into a quid pro quo agreement, but that Gillum never caved to UCE 1's pressure. *See id.* at pp. 6-7. (February 15, 2017 and March 13, 2017 conversations). Two months later, on June 14, 2017, Gillum spoke to FBI agents about conversations and interactions he had pertaining to Southern Pines. *Id.* at ¶ 19.

On June 7, 2022, one week before the five-year statute of limitations would have expired, the Government charged Gillum with one count of making false statements in connection with the FBI's questioning of him on June 14, 2017.

### b. CDLS Grant Fraud

Regarding the purported Campaign to Defend Local Solutions ("CDLS") grant fraud, the Government alleges that Gillum sought grants from Organization C and D in July 2016 to be used for the CDLS. *Id.* at p. 12. The payments from these organizations to a fiscal sponsor and to P&P in March and May of 2017 are outside the applicable five-year statute of limitations. *Id.* at pp. 13-14. P&P's payments to Gillum are alleged to occur in July and August 2017, which is just inside the statute, and Lettman-Hicks is alleged to have sent two emails in furtherance of the scheme in September and November 2017. The last alleged illegal act

takes place on November 30, 2017. Thus, there was a 4-year, 6-month, 8-day delay between the last act alleged and the filing of the Indictment.

### c. *Campaign Contribution Fraud*

As to the alleged "Campaign Contribution Fraud," the Government alleges that in May 2018, Gillum solicited money from Individual F for Gillum's Campaign for Governor, which was diverted by Lettman-Hicks and Gillum. *Id.* at p. 16-17. The alleged substantive wire fraud occurred in the summer of 2018, with the last act (Lettman-Hicks allegedly sending a false report) occurring on December 2, 2019. *Id.* at pp. 22-23. Thus, there was a 2-year, 6-month, 5-day delay between the last act alleged and the filing of the Indictment.

### d. *"Get Out the Vote" Fraud*

And finally, regarding the alleged "Get Out the Vote" fraud, the Government alleges that, in November 2018, Gillum and Lettman-Hicks diverted $60,000 to P&P Communications for the "Get Out the Vote" efforts. *Id.* at pp. 19-20. The last illegal act is alleged to have occurred on November 29, 2018. *Id.* at p. 24. Thus, there was a 3-year, 6-month, 9-day delay between the last act alleged and the filing of the Indictment.

## II.   Argument and Memorandum of Law

The Due Process Clause of the Fifth Amendment bars a delayed prosecution where a defendant shows he has suffered actual, substantial prejudice from the delay and the prosecutor's delay was deliberate to gain a tactical advantage. *Stoner v. Graddick*, 751 F.2d 1535, 1542 (11th Cir. 1985).

### a. The false statement count should be dismissed due to the Government's nearly five-year delay.

The Government waited almost five years to prosecute Gillum after being unquestionably aware of the alleged crime. The purported false statement Gillum gave to FBI agents related to the prior conversations that Gillum had with undercover FBI agents pretending to be representatives of Southern Pines Development. ECF No. 1, p. 2. If Gillum had in fact made false statements during the June 14, 2017, conversation, the FBI would have been aware of the facts supporting that crime on June 14, 2017. Instead of charging Gillum then, the Government sat on this charge for nearly five years. The delay was necessarily deliberate and tactical (or reflective of a lack of genuine belief that a false statement was made).

Gillum was prejudiced by this deliberate delay. Gillum's defense now must rely on his ability to reach back five years to recall exactly what transpired between him and the undercover agents, and what he knew, did and said at that time about relatively minor matters like what he knew about who paid for theater tickets. This is much harder to do so long after the event, and it is likewise now difficult if not impossible for Gillum to unearth corroborating evidence. This puts Gillum at a significant unfair disadvantage in defending against the charges.

### b. The central allegations of the CDLS fraud count occurred more than five years ago and should be dismissed.

As to the alleged CDLS fraud, there was a four-and-a-half-year delay between the last act alleged and when the Indictment was filed. The alleged conduct that is central to the Government's charges occurred outside the statute of limitations, but the Government strategically pled additional "illegal" acts that occur just under five years ago to try to bring this allegation within the statute of limitations. This frustrates the purposes of the statute of limitations.

The Government alleges that in 2016, Gillum created the Campaign to Defend Local Solutions ("CDLS"), an effort against state

preemption of local governments' regulations in certain areas. ECF No. 1, p. 12. In summer of 2016, Gillum sought funding from Organization C and D, Gillum provided a budget to Organization C, and CDLS received some of the funding. *Id.* at p. 13. In early 2017, the CDLS received the remainder of the funding. *Id.* at 13-14. It is alleged that in June, July, and August 2017, P&P deposited payroll amounts into Gillum's account. *Id.* at p. 21. In September 2017 and November 2017, it is alleged that Lettman-Hicks sent an email and submitted a false report in order to conceal the alleged fraud. *Id.* at p. 14.

The allegations central to the alleged fraud are beyond the statute of limitations (June 7, 2017). The only acts that are alleged within the statute of limitations are transfers of money from P&P to Gillum and Lettman-Hicks' email and report to "conceal" the alleged fraud. Conversations between Gillum, Lettman-Hicks, and the individuals involved with the CDLS cannot be reconstructed, nor can contemporaneous events regarding their cooperative and productive working relationship for positive social change be reconstructed after such a long, unwarranted delay.

### c. The remaining counts should also be dismissed for undue delay.

The Government's delay in bringing charges associated with the alleged campaign contribution fraud of Individual F is also unwarranted. The Government alleges that Gillum made misrepresentations to Individual F in May 2018, more than four years before the Indictment was filed. *Id.* at p. 16-17.

Similarly, the Government alleges that Gillum and Lettman-Hicks engaged in "Get Out the Vote" fraud in November 2018, three and half years after the indictment was filed. Due to the Government's prejudicial delay, memories have faded, and conversations cannot be fairly reconstructed three to four years later.

### d. An evidentiary hearing is requested.

Andrew Gillum requests an evidentiary hearing so that the Court can determine whether the Government's delay was unnecessary and to show he has been prejudiced. *See United States v. Lovasco*, 431 U.S. 783, 784 (1977) ("The District Court conducted a hearing on respondent's motion at which the respondent sought to prove that the delay was unnecessary and that it had prejudiced his defense."). An evidentiary

hearing is essential to establishing the deliberate nature and prejudicial design and impact of the delay.

## CONCLUSION

In sum, Andrew Gillum moves to dismiss the Indictment based on the Government's pre-indictment delay. The Government sat on the unfounded false statement charge for nearly five years and engaged in years-long delays for the remaining counts. The delay was unnecessary and was attributable solely to the Government, and as a result, Andrew Gillum has suffered substantial prejudice, in violation of the Due Process Clause of the Fifth Amendment.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(B), the undersigned counsel conferred with AUSA Andrew Grogan. He advises that he opposes this motion.

The Undersigned certifies that this filing does not exceed 8,000 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

By: /s/ David Oscar Markus
David Oscar Markus
Florida Bar Number 119318
dmarkus@markuslaw.com

/s/ Katherine E. Miller
Katherine E. Miller
Florida Bar Number 104790
kmiller@markuslaw.com