IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 4:22cr27-AW/MAF

ANDREW DEMETRIC GILLUM
and
SHARON JANET LETTMAN-HICKS,

      Defendants.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT ANDREW GILLUM'S TIME SENSITIVE MOTION TO COMPEL

On April 4, 2023, Defendant Andrew Gillum filed a "time sensitive" motion to compel regarding five matters. Due to the identified time sensitivity, the government submits this expedited response for the Court's consideration. For the following reasons, the Court should deny the motion.

First, Defendant Gillum demands final transcripts now of any recordings the government intends to use at trial. The most significant recordings were produced in July 2022 along with a detailed summary of the contents. The rest were produced a few weeks later. Transcripts have been prepared over time for some recordings. The government gave Defendants what it had. The government has been diligently working to refine the transcripts to ensure accuracy and brevity; to focus on the most

1

important interactions.[1] There is no legal basis to compel the government to produce something which does not yet exist or to create it faster.

Second, Defendant Gillum seeks a "cut-off" date "after which no new exhibits should be admitted" by the government. The government has been providing exhibits electronically to Defendants; first in bulk and then as additional exhibits are added or existing ones are swapped out for a better version. Whenever there is such a modification, the government notifies the Defendants and provides the new exhibit pursuant to the Court's scheduling order. ECF 45, 46. Almost all the exhibits were previously produced in discovery last year. None of it is earthshattering or likely to be unknown to the defense. There is no basis for such a "cut off" date. And, for his part, Defendant Gillum has yet to produce any exhibits at all. It seems odd to complain about the pace of reasonable supplementation when one has withheld all his own material.

Third, on March 8, 2023, Defendant Gillum asked the government for information about the boat ride in New York and that evening; basically, whether undercover agents offered drugs or sex acts to Defendant Gillum or his associates. Notably, there are several recordings of the boat ride which were produced last year.

---

[1] For example, a verbatim transcript of Defendant Gillum's June 2017 FBI interview, the basis of Count 1, was produced in July 2022 and is not expected to change before trial. Defendant Gillum has sought to exclude many of the remaining recordings. Of course, nothing prevented Defendant Gillum from having his own transcripts made.

The government has made an appropriate inquiry concerning Defendant Gillum's unsupported insinuations. As a result of it, the government does not believe it has any *Brady* or otherwise discoverable information to provide.[2] The government will continue to comply with its *Brady* and other discovery obligations.

Fourth, the government has moved for a protective order regarding the UCEs who testify in the case, which is pending before the Court. Due to safety concerns for the UCEs and their families, the government would like to proceed cautiously and have an appropriate and enforceable protective order in place before disclosing the UCEs' true names to Defendant Gillum.

Fifth, Defendant Gillum further moves to compel production of two letters of censure issued to FBI agents. The conduct underlying and leading to the letters was disclosed to Defendants in July 2022. The government described the letters to Defendants months ago. The material was the subject of the government's first motion in limine, ECF 81, filed March 9, 2023, which described for the Court both the underlying conduct and the administrative consequences as to each agent, and sought exclusion under Rules 402, 608(b), and 403.

---

[2] As an aside, counsel says he has a good faith basis for assertions about the boat ride and that evening but has declined to share it. So, it would seem the defense already possesses the information sought. *Brady* applies to materially favorable information the defense is unaware of. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006); see also *Bell v. Bell*, 512 F.3d 223, 234-235 (6th Cir. 2008). Numerous courts have rejected claims that the government suppressed favorable information where the defendant had knowledge of the events in question. See, *e.g.*, *Jennings v. McDonough*, 490 F.3d 1230, 1238-1239 (11th Cir. 2007).

The underlying conduct is not admissible. It is plainly collateral and not relevant to the merits of this case. It is not probative of truthfulness. See *United States v. Holt*, 486 F.3d 997, 1002 (7th Cir. 2007) (precluding cross-examination of two police officers as to prior discipline imposed on them by the police department; evidence of reprimands received by both officers for neglect of duty did not bear on character for truthfulness) see also ECF 81 (government's first motion in limine).[3] Even assuming it was minimally relevant to credibility, the probative value is miniscule. See Wright & Miller, 28 Fed. Practice and Procedure § 6118 (2d ed.) (explaining that "it is important to realize that conduct that does not directly implicate veracity usually has very little probative value for the purposes of Rule 608 and may be highly prejudicial.").

The letters of censure themselves, as well as the fact of them, cannot be used to attack credibility. As the Advisory Committee noted in the 2003 Amendment to Rule 608(b):

> [T]he extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness.

---

[3] Defendant Gillum's response to the government's first motion in limine. ECF 114, takes an extraordinarily broad—and incorrect—view of what is probative of a witness' character for truthfulness. See, *e.g.*, *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973).

4

See *United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999) (explaining that putting before the jury extrinsic evidence that a witness "was suspended or deemed a liar . . . . not only puts hearsay statements before the jury, it injects the views of a third person into the case to contradict the witness. This injection of extrinsic evidence not only runs afoul of Rule 608(b), but also sets the stage for a mini-trial regarding a tangential issue of dubious probative value that is laden with potential undue prejudice."); see also *id.* ("counsel should not be permitted to circumvent the no-extrinsic-evidence provision [in Rule 608(b)(1)] by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act") (quoting Stephen A. Saltzburg, *Impeaching the Witness: Prior Bad Acts and Extrinsic Evidence*, 7 CRIM. JUST. 28. 31 (Winter 1993)); see also *United States v. Whitehead*, 618 F.2d 523, 529 (4th Cir. 1980) ("If such a witness either admits or denies the suspension, we do not think that the documents relating to it are admissible."); 1 McCormick on Evidence § 41 (8th ed., July 2022 update) ("On cross-examination, the questioner should ask the witness directly and bluntly whether he committed the untruthful act. It is improper to inquire whether the witness was 'fired,' 'disciplined,' or 'demoted' for the alleged act—those terms smuggle into the record implied hearsay statements by third parties who may lack personal knowledge.").

In short, the letters themselves, the substance of which has been disclosed, are not admissible or even discoverable.

Accordingly, this Court should deny Defendant Gillum's time sensitive motion to compel, ECF 121, in all respects.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/Andrew J. Grogan*
ANDREW J. GROGAN
GARY K. MILLIGAN
JOSEPH A. RAVELO
Assistant U.S. Attorneys
Florida Bar No. 85932
D.C. Bar No. 484813
Florida Bar No. 98082
111 North Adams St., 4th Floor
Tallahassee, FL 32301
(850) 942-8430
andrew.grogan@usdoj.gov
gary.milligan@usdoj.gov
joseph.ravelo@usdoj.gov

## **LOCAL RULE 7.1 CERTIFICATE**

I certify that the foregoing does not exceed 8,000 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s/ Andrew J. Grogan*
ANDREW J. GROGAN
Assistant United States Attorney
